UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYBOENERGY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHERN ELECTRIC POWER TECHNOLOGY, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-06121-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 21 |

Before the Court is Defendant Northern Electric Power Technology, Inc.'s motion to dismiss Plaintiff CyboEnergy, Inc.'s claims for direct patent infringement and breach of contract. ECF No. 21. The Court will grant the motion.

I.　**BACKGROUND**

In the operative first amended complaint, CyboEnergy alleges that Northern Electric infringes U.S. Patent No. 8,786,133 ("the '133 patent"), entitled "Smart and Scalable Power Inverters," and breached the parties' October 19, 2022 settlement agreement in a prior case, *CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, Case No. 3:21-cv-08534-SI. ECF No. 19. Northern Electric has moved to dismiss the direct infringement and breach of contract claims. ECF No. 21. CyboEnergy's allegations regarding indirect infringement are not at issue in this motion.

CyboEnergy alleges that Northern Electric's products, NEP BDM-330x2, BDM-600, and BDM-600x inverters, infringe the '133 patent. ECF No. 19-2 at 1, 5. The parties agree that Claims 15 and 19 of the patent are independent and exemplary. Claim 15 recites:

> A scalable DC to AC power inversion system for providing AC power to a power grid from a plurality of individual DC power sources each having a DC power output port, comprising:

> a) a plurality of power inverters, each of said power inverters including a single DC-AC inverter, at least two DC power input ports coupled to the single DC-AC inverter, an AC power input port, and an AC power output port coupled to the single DC-AC inverter, each of said DC power input ports having one DC power source connected thereto;
>
> b) said AC power output port of each power inverter being connected in a daisy chain to the AC power input port of the next power inverter, except for the AC power input port of the first power inverter being left open, and the AC power output port of the last power inverter being connected to a power service panel of the power grid;
>
> c) whereby said system is incrementally scalable by adding or subtracting DC power sources and daisy-chained inverters.

'133 patent at 15:5–25. Claim 19 is a method claim that recites:

> A method of making a DC to AC power conversion system incrementally scalable, comprising:
>
> a) providing a plurality of DC power sources and a plurality of DC to AC power inverters, said DC to AC power inverters each having a single DC-AC inverter, an AC input port coupled to the single DC-AC inverter, an AC output port coupled to the single DC-AC inverter, and at least two DC input ports coupled to the single DC-AC inverter;
>
> b) connecting at least one of said DC power sources, respectively, to each of said DC input ports; and
>
> c) providing AC power to the power grid.

*Id.* at 16:1–12.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a

1  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
2  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at
3  570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the
4  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*
5  In determining whether a plaintiff has met this plausibility standard, the Court must "accept all
6  factual allegations in the complaint as true and construe the pleadings in the light most favorable"
7  to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Dismissal for failure to
8  state a claim should be with leave to amend, "even if no request to amend the pleading was made,
9  unless [the court] determines that the pleading could not possibly be cured by the allegation of
10 other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th
11 Cir. 1990).

## IV. DISCUSSION

### A. Direct Infringement

To state a claim for direct patent infringement, the complaint must "contain factual allegations that the accused product practices every element of at least one exemplary claim." *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1142–43 (N.D. Cal. 2019) (quoting *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017)). "This requirement is animated by the principle that 'the failure to meet a single limitation is sufficient to negate infringement of [a] claim.'" *Id.* at 1143 (alteration in original) (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

For a method claim, the complaint must allege that the accused party "practiced all steps of the claimed method." *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009). "[T]he direct infringer must *actually* perform the steps in the method claim." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014) (emphasis in original). "The sale or manufacture of equipment to perform a claims method is not direct infringement within the meaning of 35 U.S.C. § 271(a)." *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313 (Fed. Cir. 2003). Nor is "sell[ing] a product that is capable of executing the infringing method," even where the product includes instructions on how to do so. *Ericsson*, 773 F.3d at 1221–22.

1   CyboEnergy does not dispute these legal principles. Nor does it address, let alone attempt

2   to distinguish, a case that dismissed nearly identical claims against a different defendant for direct

3   infringement of the '133 patent.[1] There, as in this case, CyboEnergy accused the defendant of

4   direct infringement based on its manufacture and sale of single solar inverters. The court

5   dismissed CyboEnergy's direct infringement claim as to Claim 15:

> One of the limitations in Claim 15 provides that the system comprises "a plurality of power inverters, each of said power inverters including . . . [inter alia] at least two DC power input ports coupled to [a] single DC-AC inverter . . . each of said DC power input ports having one DC power source connected thereto." Another limitation of Claim 15 requires that the power inverters be "connected in a daisy chain." But Plaintiff does not allege that Defendant makes, uses, offers to sell, or sells any product that consists of more than one inverter daisy-chained together. Nor does Plaintiff allege that Defendant makes, uses, offers to sell, or sells any "DC power source," let alone such a power source connected to a plurality of power inverters. Each of the Accused Inverters is but a single inverter. Indeed, Plaintiff appears to concede as much, alleging not that Defendant makes or sells an infringing system, but that "[a] DC to AC power inversion system enabled by [Defendant's] inverters has a plurality of power inverters," and that Defendant's user manual "show[s] how to connect multiple [Accused Inverters] together in a daisy chain with AC wires and connectors."
>
> Plaintiff acknowledges that "[d]irect infringement requires that a single defendant make, use, or sell all portions of the system." And Plaintiff does not dispute that Claim 15 describes a system comprising multiple inverters connected to one another and a DC power source. Nor does Plaintiff offer any cogent argument for how the Accused Inverters could constitute a literally infringing multi-inverter system or its equivalent, when they are but one discrete part of that system. Instead, Plaintiff relies on Defendant's User Manual, which instructs Defendant's customers to use the Accused Inverters, together with other components that are not alleged to be made or sold by Defendant, to assemble a multi-inverter system that infringes each element of Claim 15. But Defendant "is not vicariously liable for the actions of its customers" under a theory of direct infringement. Because there are no allegations that Defendant actually makes, sells, offers to sell, or uses any product that contains all components—or their equivalents—of the system described by Claim 15, Plaintiff fails to state a claim for direct infringement.

*CyboEnergy, Inc. v. Altenergy Power Sys. USA, Inc.*, No. WA-22-CV-1136-KC, 2023 WL

5968000, at *3–4 (W.D. Tex. Sept. 13, 2023) (alterations in original) (citations and footnotes

---

[1] CyboEnergy's opposition, ECF No. 26, fails to cite a single case except for the general legal standard on a motion to dismiss.

omitted). Similarly, the court also dismissed CyboEnergy's direct infringement claim as to Claim 19:

> One step of the method described by Claim 19 is "providing a plurality of DC power sources." Another is "providing AC power to the power grid." Nowhere does Plaintiff allege that Defendant makes, uses, or provides any DC power sources; nor that Defendant provides power to any power grid. Plaintiff alleges only that Defendant's Accused Inverters "enable[]" a system that provides a plurality of DC power sources. And that the operating instructions in Defendant's User Manual "teach how to operate the [Accused Inverters], which imply that the DC to AC power conversion system enabled by [the Accused Inverters] provides AC power to the power grid." Plaintiff thus alleges that Defendant provides equipment and "instructions to perform a patented method." But this does not suffice to state a claim for direct infringement of a method claim, such as Claim 19. Because Plaintiff nowhere alleges that Defendant actually performed all steps of the Claim 19 method, Plaintiff has failed to state a claim for direct infringement of Claim 19.

*Id.* at \*5 (alterations in original) (citations and footnotes omitted).

As in *Altenergy*, CyboEnergy in this case relies on allegations that Northern Electric's manuals instruct users on "how to connect multiple inverters together in a daisy chain as required by the asserted system claims," and that Northern Electric's products "enable" the limitations of the asserted claims. *E.g.*, ECF No. 26 at 2, 4. Additionally, the claim chart in this case contains some of the same language quoted in *Altenergy*. ECF No. 19-2 at 3 ("[a] DC to AC power inversion system enabled by NEP BDM-600 or BDM-600x inverters has a plurality of power inverters," and the manual "teaches how to connect multiple BDM-600x inverters together in a daisy chain with AC wires and connectors"). CyboEnergy argues that "the complaint alleges that North Electric's [sic] offers a method for making and using a DC to AC power inversion system that has and is enabled by a plurality of power inverters," ECF No. 26 at 7, but, as in *Altenergy*, its claim chart asserts only that the system is "enabled" by Northern Electric's individual inverters. ECF No. 19-2 at 5–7.[2] CyboEnergy fails to allege, for example, that Northern Electric provides DC power sources, connects DC power sources to DC input ports, or provides AC power to the power grid—all of which are required under Claim 19. '133 patent at 16:1–12.

---

[2] CyboEnergy incorrectly cites "First Amended Complaint, Doc. No. 32 at 6–8" as the "claim chart for exemplary method claim 19." ECF No. 26 at 7 n.19. The amended complaint is ECF No. 19, and the claim chart is ECF No. 19-2.

In short, CyboEnergy has failed to state a claim for direct infringement of the '133 patent. Although the *Altenergy* court dismissed the direct infringement claims without leave to amend, this Court will grant such leave out of an abundance of caution, even though it appears unlikely that CyboEnergy will be able to allege direct infringement. *See Altenergy*, 2023 WL 5968000, at *5 (dismissing claims with prejudice in part because "[i]t is apparent, for the reasons discussed above, that the Accused Inverters neither comprise the complete system described in Claim 15, nor practice each step of the method in Claim 19," and "Plaintiff's barebones request for leave to amend does not explain how its allegations could be amended so as to warrant a different conclusion").

### B.  Breach of Contract

CyboEnergy failed to respond to Northern Electric's arguments concerning the breach of contract claim, thereby "conced[ing] those arguments and acknowledg[ing] that [its claim] should be dismissed." *Tovar v. City of San Jose*, No. 5:21-cv-02497-EJD, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021). "Where a plaintiff 'simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.'" *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (quoting *Homsy v. Bank of Am., N.A.*, No. C 13-01608, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013)).

Even if CyboEnergy had not conceded this claim, the Court has reviewed the settlement agreement that forms the basis for CyboEnergy's breach of contract claim, ECF No. 20-5, and concludes that CyboEnergy's claim fails as a matter of law.[3] CyboEnergy alleges that Northern Electric agreed "to not [sell] NEP inverters that have AC wires and connectors to support the daisy-chaining design, such as the BDM-600 power inverter after June 30, 2023." ECF No. 19 ¶ 10. However, the settlement agreement contains no such provision. Instead, it provides that CyboEnergy would not assert the '133 patent against Northern Electric for any sales prior to and through June 2023. ECF No. 20-5 at 3. The agreement contains no language barring Northern

---

[3] The Court may consider the settlement agreement as "incorporated by reference into [the] complaint" because it "forms the basis of the plaintiff's claim," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and no party contests the document's authenticity, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

1  Electric from continuing to manufacture or sell the products at issue.

2       For each of these independent reasons, CyboEnergy's breach of contract claim is dismissed
3  with prejudice.

4  **CONCLUSION**

5       Northern Electric's motion to dismiss CyboEnergy's direct infringement and breach of
6  contract claims is granted, with leave to amend as to the former and with prejudice as to the latter.
7  CyboEnergy may file an amended complaint, solely to correct the identified deficiencies in its
8  direct infringement claims, within 21 days of the date of this order.  Failure to file an amended
9  complaint by that date will result in the dismissal of CyboEnergy's direct infringement claims
10 with prejudice.

11 **IT IS SO ORDERED.**

12 Dated:  March 6, 2024



JON S. TIGAR
United States District Judge

7