United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYBOENERGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN ELECTRIC POWER TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 23-cv-06121-JST<br><br>**ORDER TO SHOW CAUSE RE: APPLICATION FOR PRO HAC VICE SUBMITTED BY WILLIAM P. RAMEY, III**<br><br>Re: ECF No. 45 |

Before the Court is an application for pro hac vice admission by attorney William P. Ramey, III. ECF No. 45. The Court's review indicates several apparent grounds for denying the application.

First, Ramey's application is untimely. "An attorney seeking to appear pro hac vice must submit the application and admission fee at the time of the filing of a complaint or the attorney's first appearance in the case. A failure to meet this deadline may result in denial of the application." Civil L.R. 11-3(b). Ramey appeared on and signed the initial complaint, as "*pro hac vice anticipated*," on November 27, 2023. ECF No. 1 at 1, 9. However, he did not file his application for pro hac vice admission until April 14, 2025—over 16 months after he signed the initial complaint. ECF No. 45. In the interim, Ramey has also appeared on and signed a certification of interested entities or persons, ECF No. 4; a consent to magistrate judge jurisdiction, on which he was the only counsel to sign or be listed for Plaintiff, ECF No. 15; the first amended complaint, including the certificate of service, ECF No. 19; Plaintiff's opposition to Defendant's motion to dismiss, ECF No. 26; a joint case management statement, ECF No. 33; the second amended complaint, including the certificate of service, ECF No. 37; and Plaintiff's answer to Defendant's counterclaim, ECF No. 39. He has appeared on but did not sign a

1  stipulation to extend time for Defendant to respond to the complaint.  ECF No. 11.

2        Second, Ramey's application states that he "ha[s] been granted pro hac vice admission by
3  the Court 0 times in the 12 months preceding this application."  ECF No. 45 at 1.  This statement
4  is false.  The Court's review of its online docketing system indicates that Ramey has been
5  admitted pro hac vice five times in the past twelve months.  Case No. 24-cv-8462, ECF No. 27
6  (admitted March 4, 2025); Case No. 24-cv-6770, ECF No. 30 (admitted February 24, 2025); Case
7  No. 24-cv-8891, ECF No. 10 (admitted December 12, 2024); Case No. 23-cv-6725, ECF No. 38
8  (admitted October 8, 2024); Case No. 24-cv-1144, ECF No. 57 (admitted April 30, 2024).

9        Third, Ramey is either listed as counsel of record or has signed documents in at least 60
10  cases in this district, although he did not submit pro hac vice applications in many of them.  Case
11  Nos. 17-cv-2177; 17-cv-2178; 17-cv-2435; 19-cv-6518; 20-cv-0483; 21-cv-1595; 21-cv-6059;
12  21-cv-7812; 21-cv-7927; 21-cv-8534; 22-cv-1490; 22-cv-4807; 22-cv-5962; 22-cv-8711;
13  23-cv-0049; 23-cv-0879; 23-cv-0883; 23-cv-0884; 23-cv-0990; 23-cv-1852; 23-cv-2219;
14  23-cv-2695; 23-cv-2696; 23-cv-2923; 23-cv-3128; 23-cv-3955; 23-cv-4241; 23-cv-4725;
15  23-cv-4803; 23-cv-4935; 23-cv-5047; 23-cv-5750; 23-cv-5752; 23-cv-6121; 23-cv-6711;
16  23-cv-6723; 23-cv-6724; 23-cv-6725; 23-cv-6728; 24-cv-0681; 24-cv-0937; 24-cv-1040;
17  24-cv-1144; 24-cv-1672; 24-cv-1781; 24-cv-1783; 24-cv-2146; 24-cv-2179; 24-cv-2195;
18  24-cv-2201; 24-cv-3089; 24-cv-3098; 24-cv-3348; 24-cv-3609; 24-cv-5303; 24-cv-6770;
19  24-cv-8462; 24-cv-8891; 25-cv-0950; 25-cv-1842.  The vast majority of these cases have been
20  opened in this district within the past two years.  In addition, Ramey filed applications for pro hac
21  vice admission in two other cases on the same day that he filed his application in this case.  Case
22  No. 25-cv-0950, ECF No. 8 at 1; Case No. 25-cv-1842, ECF No. 13 at 1.  Thus, he is seeking to be
23  admitted pro hac vice in eight cases in the past year.  All of the above indicates that Ramey "i[s]
24  regularly engaged in the practice of law in the State of California," and is therefore "not eligible
25  for permission to practice pro hac vice."  Civil L.R. 11-3(c).[1]

---

[1] Ramey does not appear to qualify for the exception to this rule: an applicant who "(i) has been a resident of California for less than one year; (ii) has registered with, and completed all required applications for admission to, the State Bar of California; and (iii) has officially registered to take or is awaiting results from the California State Bar exam."  Civil L.R. 11-3(c).

1   If Ramey believes that none of the above reasons is sufficient, alone or in combination, to
2   deny his application for pro hac vice admission in this case, he shall show cause as to why the
3   application should not be denied.  Any written response to this order is due on or before April 23,
4   2025.  Failure to file a timely response will result in denial of his application and his termination
5   as counsel of record on the docket.

6   **IT IS SO ORDERED.**

7   Dated:  April 16, 2025



JON S. TIGAR
United States District Judge